IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JASON WEISTER, on behalf of himself and others similarly situated, | : :  CIVIL ACTION FILE NO. |
| Plaintiff, | : : : |
| v. | : **COMPLAINT – CLASS ACTION** |
| VANTAGE POINT AI, LLC | : : : **JURY TRIAL DEMANDED** |
| Defendant. | : : |

Plaintiff Jason Weister (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell

phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Vantage Point AI, LLC ("Vantage Point") to market its services through the use of pre-recorded telemarketing calls in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

3. The recipients of Vantage Point's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and because the technology used by Vantage Point makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4. Plaintiff Jason Weister is, and at all times mentioned herein was, an individual citizen of the state of Texas.

5. Defendant Vantage Point AI, LLC is a Florida limited liability company located in this District.

## JURISDICTION AND VENUE

6. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

7. This Court has specific personal jurisdiction over Vantage Point because the company resides in this District.

8. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Vantage Point resides in this District and the telephone calls at issue were made from this District.

## TCPA BACKGROUND

<u>The TCPA Prohibits Automated Telemarketing Calls</u>

9. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call.  *See* 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A).  *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

## FACTUAL ALLEGATIONS

13. Defendant Vantage Point is a "person" as the term is defined by 47 U.S.C. § 153(39).

14. Plaintiff Weister's telephone number, 715-897-XXXX, is assigned to a cellular telephone service.

15. The Plaintiff Weister received pre-recorded telemarketing calls from the Defendant beginning in 2020 and continuing through March of 2021.

16. The dates included on February 6, 2021, February 19, 2021 and March 5, 2021.

4

17. The pre-recorded message was exactly the same for all of the calls and advised that the calls were from Vantage Point.

18. The calls solicited the Plaintiff to purchase Vantage Point's stock related software.

19. Some of the calls came from the following Caller ID: 813-428-7560

20. That number has had reports of robocalling activity including that from the Vantage Point. *See, e.g.*, *https://lookup.robokiller.com/p/813-428-7560*, *htttps://www.callercenter.com/813-428-7560.html*.

21. Other individuals have complained about receiving pre-recorded messages from Vantage Point, including to the Better Business Bureau:

> Harassing phone calls (DAILY). Blocked number. They have a robo caller, "Harold", who leaves the same message (DAILY). A caller named Harold leaves lengthy messages on voicemail - DAILY - which in turn fills my voicemail box up leaving me unable to accept legitimate messages from legitimate people. The call comes from Vantage Point Software number XXX-XXX-XXXX in Land O Lakes, FL.
>
> Won't stop calling me. This company refuses to stop harassing me with sales calls. This has been going on for many months and I have asked them to stop calling me many times.
>
> For the past several weeks, if not more than a month, I have received multiple sales calls from this organization daily. I do not answer them because I am not interested in their over-priced, by thousands of dollars, product which I cannot afford. I have texted on the company's "Contact Us" website to remove my name from their call list and told them if they did not and if I received any more unwanted calls, that I would report them to the Better Business Bureau for Harassment. That

apparently fell on deaf ears as I kept receiving calls, the last of which I received at 2:29 PM today.

*https://www.bbb.org/us/fl/wesley-chapel/profile/computer-software developers/vantagepoint-ai-llc-0653-6058142/complaints*

22.     Other individuals have identified the pre-recorded message used on the calls:

> Morning. This is Harold calling from Vantage point a guy with a special invitation. I'm contacting you today because you had recently expressed an interest in wanting to learn more about artificial intelligence trading and this morning at 11 o'clock eastern time. We're actually doing a live webinar. We're we're going to discuss the city waste to tell if the stock market is about to crash the register all you have to do is go to training education dot. Com. The webinar will begin promptly at 11 o'clock eastern time and I look forward to seeing you and the webinar roof on this webinar. What we do is we looked over all of the artificial intelligence forecast and all the sectors of the market. So that you can see how the artificial intelligence has been performing, but most importantly, you're going to be able to see what the artificial intelligence is forecasting or the days and weeks ahead, so head on over to trading education dot. Com at your self, registered and I look forward to seeing you and the webinar...

*https://directory.youmail.com/directory/phone/8134287560*

23.     Plaintiff did not provide his prior express written consent to receive the telemarketing calls at issue.

24.     The calls were not necessitated by an emergency.

25.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they

6

were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

27. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

28. Plaintiff Weister is a member of and will fairly and adequately represent and protect the interests of this class as he has no interests that conflict with any of the class members.

29. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

30. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

31. This Class Action Complaint seeks injunctive relief and money damages.

32. The Class as defined above are identifiable through the Defendant's dialer records, other phone records, and phone number databases.

33. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds in each class.

34. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

35. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

36. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the

class claims predominate over questions which may affect individual Class members.

37. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

    (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

38. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

39. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

40. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

41. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

42. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**(47      U.S.C. 227(b)) on behalf of the Robocall Class**

43. Plaintiff incorporates the allegations from paragraphs 1-43 as if fully set forth herein.

44. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls,

except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

45. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

47. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D. Such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Dated: May 24, 2021

PLAINTIFF, on behalf of himself
and others similarly situated,

*/s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.

400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative Class*