UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON WEISTER,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　CASE NO. 8:21-cv-1250-SDM-AEP

VANTAGE POINT AI, LLC,,

    Defendant.
_____/

**ORDER**

    Alleging that he received from VantagePoint fifteen unsolicited ringless voicemails, Jason Weister sues (Doc. 1) VantagePoint under the TCPA. Arguing that a 2012 FCC rule violates the First Amendment by imposing a more burdensome consent requirement for "advertisements or telemarketing messages" than for other categories of communication, VantagePoint moved (Doc. 29) for summary judgment on Weister's claim before class discovery began. An August 3, 2022 order (Doc. 42) denies the motion both because the Hobbs Act — interpreted by *Mais v. Gulf Coast Collection Bureau, Inc.*, 768 F.3d 1110 (11th Cir. 2014), and *Self v. Bellsouth Mobility, Inc.*, 700 F.3d 453 (11th Cir. 2012) — precludes a district court from "considering any contention that a final order [of the FCC] is 'wrong as a matter of law' or 'otherwise invalid'" and because "VantagePoint's constitutional argument — even if cognizable despite the Hobbs Act — fails." VantagePoint moves (Doc. 47) under 28

U.S.C. § 1292 to certify the order (Doc. 42) for interlocutory appeal. Weister opposes (Doc. 51).

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and [if] an immediate appeal from the order may materially advance the ultimate termination of the litigation." VantagePoint identifies three "controlling questions of law" warranting interlocutory appeal: "(1) whether the Hobbs Act deprives the Court of judisdiction, (2) whether the FCC's express *written* consent rule is . . . subject to strict scrutiny instead of intermediate scrutiny . . ., and (3) whether the FCC's rule even survives intermediate scrutiny." (Doc. 47)   Although each issue presents a "controlling question of law," Weister correctly notes that VantagePoint fails to demonstrate a "substantial ground for difference of opinion" about any issue.

A substantial ground for difference of opinion requires "substantial doubt as to how" a controlling legal issue "should be decided." *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1256 (11th Cir. 2004).  In other words, the party requesting interlocutory appeal must demonstrate a "substantial dispute about the correctness of [a legal] premise" on which the order rests. *McFarlin*, 381 F.3d at 1259; *see Davis v. City of Apopka*, 2019 WL 9832059, at *3 (M.D. Fla. 2019) ("For there to be a substantial difference [of opinion] the [movant] must show that at least two courts interpreted the legal principal differently.").  Substantial grounds for difference of opinion might exist if the order rests on a legal premise (1) that is "difficult and of first impression,"

(2) on which district courts within the circuit have split, or (3) on which other circuit courts have split. *Consumer Fin. Prot. Bureau v. Fredrick J. Hanna & Assoc., P.C.*, 165 F. Supp. 3d 1330, 1335 (N.D. Ga. 2015).

VantagePoint first argues that "there is a substantial difference of opinion on whether" *Mais* correctly holds that the Hobbs Act precludes a district court from considering a civil defendant's challenge to an FCC rule. This argument rests on the recognition (1) that "commentary and [non-precedential] opinions" (including a concurrence by the Eleventh Circuit) suggest that "[*Mais*'s] rule might end soon" and (2) that *Carlton & Harris Chiropractic, Inc. v. PDR Network, LLC*, 982 F.3d 258, 262 (4th Cir. 2020), conflicts with *Mais* and thus causes a split between the Fourth and Eleventh Circuits. (Doc. 47 at 7–9)

As Wiester notes, however, these arguments fail to establish a "substantial dispute about the correctness of any pure law premise . . . applied" in the order because "there is . . . no serious doubt" that *Mais* precludes VantagePoint's challenge to the FCC's heightened consent rule. (Doc. 51 at 3) A circuit split and other persuasive authority supports a substantial difference of opinion only if the controlling circuit "has not commented on the conflicting issue." *Lord v. Senex Law, P.C.*, 2022 WL 97046, at *6 (W.D. Va. 2022); *see Giardiello v. Balboa Ins. Co.*, 661 F. Supp. 644, 646 (S.D. Fla. 1985) (certifying interlocutory appeal based on "the dichotomy between the square holdings of the Ninth Circuit and the implied holdings" of the Eleventh Circuit). If the challenged order rests on binding precedent squarely deciding the controlling legal issue, "no substantial grounds for a difference of opinion exists and

- 3 -

there is no reason for an immediate appeal" — even if the binding precedent is controversial or provokes criticism. *Kirkland & Ellis v. CMI Corp.*, 1996 WL 674072, at *4 (N.D. Ill. 1996); *See McFarlin* 381 F.3d at 1258 (noting that "the 'substantial ground for difference of opinion requirement' could not be met" if "the resolution of [the legal issue] is so clear" because of binding circuit precedent); *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) ("[W]e view the relevant inquiry to be whether there is a circuit split on a question that *our own circuit has not answered*. Where our circuit has answered the question, the district court is bound by our published authority. And so are we.") (emphasis in original). Section 1292(b) is unavailable to a party explicitly endeavoring to overturn binding precedent that compels an unfavorable result.

As recently as 2019, the Eleventh Circuit has confirmed that under binding circuit precedent the Hobbs Act precludes a district court's considering a challenge to an FCC rule. *Gorss Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094, 1109 (11th Cir. 2019) (unanimous and compelling concurrence emphasizing and explaining the error in the circuit's precedent). Neither a conflicting decision from another circuit nor disbelief in the longevity of this current precedent undermines the current precedent's binding effect. Unless and until an *en banc* Eleventh Circuit (or the Supreme Court) overturns *Mais*, the decision controls (in this district and in this circuit) any action challenging an FCC rule. Because the order (Doc. 42) denying summary judgment rests on *Mais*, which squarely decides the legal issue, "no substantial grounds for a difference of opinion exists."

Further, as Weister notes (Doc. 51 at 4), even if the Eleventh Circuit overruled *Mais*, VantagePoint fails to demonstrate a difference of opinion over the conclusion that the FCC's heightened consent rule satisfies the First Amendment. VantagePoint attempts to establish a difference of opinion by arguing that "strict scrutiny — not intermediate — applies" to the FCC rule and by arguing — for the first time — that the FCC rule fails even intermediate scrutiny. (Doc. 47 at 9–16)

The request for strict scrutiny rests solely on the (renewed) argument that *Barr v. AAPC*, 140 S. Ct. 2335 (2020), implicitly abrogates *Central Hudson Gas & Electric Company v. Public Service Commission of New York*, 447 U.S. 469 (1989), and compels strict scrutiny of a restriction on commercial speech that distinguishes based on speaker or content. This argument was rejected earlier in this action (Doc. 42 at 13–16), resolutely rejected in other actions both in this district and in other districts within the Eleventh Circuit (Doc. 51 at 4–5) (collecting cases), and rejected by the several circuit courts that considered the argument, *see, e.g.*, *Recht v. Morrisey*, 32 F.4th 398, 409 (4th Cir. 2022); *Flanigan's Enterprises, Inc. of Ga. v. City of Sandy Springs*, 703 Fed. Appx. 929, 935–36 (11th Cir. 2017).[1] VantagePoint's argument supplies no "grounds for a difference of opinion."

---

[1] Even *International Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 705 (6th Cir. 2020), which VantagePoint cites in its motion (Doc. 53) for leave to reply, applies strict scrutiny to "an ordinance that regulates both commercial and non-commercial speech" and seemingly recognizes that intermediate scrutiny applies to a rule that "regulate[s] commercial speech only." Because the "express written consent requirement" applies to commercial speech only and applies to "'the full range of commercial advertising,'" the rule warrants intermediate scrutiny. *See International Outdoor, Inc.*, 974 F.3d at 705 (quoting *Vugo, Inc. v. City of New York*, 931 F.3d 42, 44–45 (2d Cir. 2019)).

Similarly, although devoting several pages of the motion to the argument that the FCC rule fails intermediate scrutiny (Doc. 47 at 11–16), VantagePoint fails to identify a single decision reaching this conclusion. *See Davis v. City of Apopka*, 2019 WL 9832059, at *3 (M.D. Fla. 2019) ("For there to be a substantial difference [of opinion] the [movant] must show that at least two courts interpreted the legal principal differently."). And, as Weister notes in response (Doc. 51 at 4–5), several district courts in the Eleventh Circuit conclude that a parallel written consent requirement imposed by the Florida Telephonic Solicitation Act satisfies intermediate scrutiny. *See Turizo v. Subway Franchisee Advert. Fund Tr.*, 2022 WL 2919260, at *9–11 (S.D. Fla. 2022); *Borges v. SmileDirectClub, LLC*, 2022 WL 4269564, at *7–8 (S.D. Fla. 2022); *Pariseau v. Built USA, LLC*, 2022 WL 3139243, at *6 (M.D. Fla. 2022).

Because the order (Doc. 42) denying summary judgment rests on binding precedent squarely holding that the Hobbs Act precludes VantagePoint's challenge and because VantagePoint otherwise fails to establish substantial grounds for a difference of opinion, VantagePoint fails to satisfy 28 U.S.C. § 1292(b).[2] Accordingly, the

---

[2] Also, although Weister fails to dispute the argument, VantagePoint's claim that an interlocutory appeal of this order would "materially advance the ultimate termination of this action" is doubtful. Under *McFarlin*, 381 at 1259, an interlocutory appeal is warranted if the appeal "would serve to avoid trial or otherwise substantially shorten the litigation." VantagePoint claims that an interlocutory appeal would avoid trial and shorten the litigation because "a favorable ruling on any of the controlling questions above would end this case on the merits." To the contrary, to avoid trial, VantagePoint must secure a favorable ruling on at least two of the three controlling questions, that is, a decision both overruling *Mais* and holding that the FCC rule violates either strict or intermediate scrutiny. A decision that, for example, overrules *Mais* but remands for further proceedings to assess the constitutional and interpretive challenges would not avoid a trial.

Further, even if VantagePoint ultimately prevails on appeal, the procedural posture suggests that an interlocutory appeal in this action offers little—if any—benefit to this litigation's resolution. As discussed, *Mais* squarely controls the resolution of VantagePoint's motion. And under *Bonner v.*

(continued…)

motion (Doc. 47) to certify an interlocutory appeal is **DENIED**. VantagePoint's motion (Doc. 53) for leave to reply is **DENIED AS MOOT**.

ORDERED in Tampa, Florida, on October 12, 2022.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

*City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), a decision by a panel of the Eleventh Circuit persists until overturned by a decision of the circuit sitting *en banc*. In other words, to prevail, VantagePoint must either secure an initial hearing *en banc* or (almost certainly) lose before a panel of the Eleventh Circuit, secure rehearing *en banc* (or *certiorari* from the Supreme Court), brief the issues again, likely conduct oral argument again, and await a decision. Conversely, if VantagePoint wins at trial, the parties will avoid possibly years of delay on appeal. Thus, unlike other orders warranting interlocutory appeal, this motion offers little, if any benefit to judicial efficiency.